# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

---

**MATTIE SUE DELANEY, by and through**                                                    **PLAINTIFF**
**her husband and next friend, LEWIS DELANEY,**
**as conservator of the estate of MATTIE SUE DELANEY**

**V.**                                                                          **CASE NO. 4:04CV340**

**GREENWOOD HEALTH AND REHABILITATION**
**CENTER et al**                                                                          **DEFENDANTS**

---

### MEMORANDUM OPINION

This cause comes before the Court on the plaintiff's motion for remand [12-1]. The Court

has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is the estate of the late Mattie Sue Delaney, as represented by her conservator

and husband, Lewis Delaney ("the Estate"). The defendants include a number of corporations and

persons involved in running the nursing home where Delaney resided up until the time of her death

(collectively "the removing defendants"). Only two of these defendants are residents of Mississippi:

Charles Sinclair, who served as administrator at the facility where Delaney resided during the time

of the incidents giving rise to this lawsuit, and Brenda Mooneyham, who served as Director of

Nursing at the facility.

On August 30, 2004, the Estate filed suit in the Leflore County Circuit Court against the

defendants, claiming that Mattie Sue's suffering and death were the result of the defendants' failure

to provide adequate care for her. The complaint alleged claims of negligence, gross negligence, and

state wrongful death and survival statutes as to all defendants, with specific counts addressing the

liability of Sinclair and Mooneyham. On November 8, 2004, the defendants filed their notice of

removal, alleging that Sinclair and Mooneyham were fraudulently joined to defeat diversity, as the two of them were agents of a disclosed principal and thus owed no duty to Mattie Sue or the Estate.

The Estate now seeks remand, arguing that the arguments of the removing defendants have been foreclosed by the Fifth Circuit's holding in <u>Gray ex rel Rudd v. Beverly Enterprises-Mississippi</u>, 390 F.3d 400 (5th Cir. 2004)("<u>Gray II</u>"). The <u>Gray</u> case also involved wrongful death claims against a nursing home and its administrator. In his opinion denying the plaintiffs' motion for remand, the district court judge had previously concluded that plaintiffs such as the Estate could not maintain negligence claims against a hospital administrator who was the agent of a disclosed principal. <u>See</u> <u>Gray ex rel Rudd v. Beverly Enterprises-Mississippi</u>.261 F.Supp. 2d 652 (S.D. Miss. 2003)("<u>Gray I</u>"). After <u>Gray I</u> was decided, this Court stayed a number of nursing home cases pending Fifth Circuit review of <u>Gray I</u>. On November 9, 2004, the Fifth Circuit issued its ruling in <u>Gray II</u>, reversing the lower court ruling and instructing the lower court to remand the case back to state court. Subsequently, the plaintiffs duly filed this motion for remand, applying the reasoning of <u>Gray II</u> to the facts at hand. As of this writing, the defendants have not responded to the motion for remand.

In order to prove fraudulent joinder, the defendants must either show that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. 1981). In reviewing allegations of fraudulent joinder, the Court does not conduct an evidentiary hearing, but utilizes a summary judgment-like procedure. <u>Delgado v. Shell Oil Co.</u>, 231 F.3d 165, 179 (5th Cir. 2000). Under this procedure, the Court may pierce the pleadings to determine whether, under Mississippi law, the

plaintiffs have a valid claim against the in-state defendants.  LeJeaune v. Shell Oil Co., 950 F.2d

267,271 (5th Cir. 1992).  The removing party bears the burden of demonstrating fraudulent joinder,

and all disputed questions of fact and ambiguities in controlling state law are resolved in favor of

the non-removing party.  LeJeaune, 950 F.2d at 271.

The sole legal issue before the Court in the instant case is whether the plaintiffs have a

reasonable possibility of recovery against Charles Sinclair, the nursing home administrator.[1]  If such

a reasonable possibility exists then complete diversity is destroyed and remand is proper.  In deciding

Gray II, the Fifth Circuit answered this question rather unambiguously, by rejecting as "likely

erroneous" the district court's assumption that no negligence claims could successfully be brought

against the agent of a disclosed principal.  Gray II,, 390 F.3d at 406 (holding that contrary rule

announced in Bass v. Cal. Life Ins. Co., 581 So.2d 1087 (Miss. 1991) was limited to narrow case of

claims against insurance agents and adjusters).

The same analysis disposes of the instant case, and the Court agrees with the plaintiffs that,

under Gray II, the complaint properly states a viable cause of action against the in-state defendant.

Accordingly, the motion for remand is GRANTED.  A separate order to that effect shall issue this

day.

This is the 2nd day of June, 2005.

                         **/s/ Michael P. Mills**
                         **UNITED STATES DISTRICT JUDGE**

---

[1]In the motion for remand, the Estate also urges the Court to extend Gray II to include claims against defendants such as Mooneyham who oversee the nursing staffs of such facilities. The Court declines to expand Gray II at this time, as the joinder of Sinclair is dispositive of the case.

3